**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald W. Kamela and Sierra W. Kamela,<br><br>Plaintiffs,<br><br>vs.<br><br>OneWest Bank FSB; et al.<br><br>Defendants. | No. CV-11-1930-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court are: a Motion to Dismiss filed by Defendants MTC Financial, Inc. and Rande Johnsen (Doc. 8); a Motion to Dismiss filed by Defendants IMB Hold Company LLC, MERS, and One West Bank FSB (Doc. 11); and a Motion to Remand to State Court filed by Plaintiffs Donald and Sierra Kamela (Doc. 18). The Court now rules on the motions.

**I.   BACKGROUND**

Plaintiffs Donald and Sierra Kamela refinanced their mortgage loan in August of 2007. (Deed of Trust, Doc. 11-1.)[1] As part of the refinance, Plaintiffs obtained a loan for $1,000,000. (Id.)  The loan was secured by their property at 9429 East Adobe Drive,

---

[1]The Court can consider publicly filed documents, such as the Deed of Trust, when deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) without concerting the motion to a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

1  Scottsdale, Arizona 85255 (the "Property").

2  Plaintiffs defaulted on their loan at some point, and a notice of trustee sale was recorded on April 20, 2009. (Ex. 6 to Compl.) The trustee's sale was not actually held until June 15, 2011.

After the sale, Plaintiffs filed a Complaint in Maricopa County Superior Court on August 30, 2011. (Doc. 1-1.) Defendants MTC Financial Inc. d/b/a Trustee Corps and Rande Johnsen removed to this Court on September 30, 2011. (Doc. 1.)

## II.   MOTION TO REMAND

28 U.S.C. §1331 gives federal district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. And §1332 gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. §1332(a)(1). The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Courts strictly construe the removal statute against removal jurisdiction. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

- 2 -

1 Plaintiffs do not state the specific grounds for their request to remand to state court. But this Court has an ongoing obligation to ensure that subject matter jurisdiction exists. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). And the Court must remand, even *sua sponte*, if at any time before final judgment subject matter jurisdiction is lacking. 28 U.S.C. §1447(c).

As the proponents of the Court's jurisdiction, the removing Defendants bear the burden of establishing jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). In responding to the Motion to Remand, Defendants MTC Financial Inc. d/b/a Trustee Corps and Rande Johnsen point to their Removal Petition. They argue that removal was proper because it appeared from the face of the Complaint that the lawsuit had claims arising under federal law and because diversity jurisdiction existed.

### A.    Federal Question Jurisdiction

Federal question jurisdiction exists only if the complaint establishes that the case arises under federal law. *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). A review of Plaintiffs' Complaint reveals that they allege only state law causes of action. Although Plaintiffs mention the federal Truth in Lending Act (TILA) in their Complaint, they only mention TILA when discussing a different law suit they pursued. Plaintiffs do not make any claims under TILA in the pending litigation. And Defendants' failure to move to dismiss any alleged TILA claim supports the conclusion that Plaintiffs were not attempting to make any TILA claims.

Other than TILA, the Complaint does not even mention a federal statute or constitutional provision. The Court finds the Complaint completely devoid of any federal causes of action and the Court therefore does not have federal question jurisdiction pursuant to 28 U.S.C. §1331.

### B.    Diversity Jurisdiction

For the Court to have diversity jurisdiction, each plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

- 3 -

1  Defendants do not dispute that complete diversity is lacking with the parties as named in the
2  Complaint because Plaintiffs are citizens of Arizona and one of the Defendants, Prescott
3  Equity Solutions LLC, may have at least one member that is an Arizona citizen.[2]  But
4  Defendants argue that the Court nonetheless has diversity jurisdiction because the fraudulent
5  joinder exception to the complete diversity requirement applies.  They claim that Plaintiffs
6  fraudulently joined Prescott Equity to defeat diversity jurisdiction.

7  Fraudulent joinder is a "term of art."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,
8  1067 (9th Cir. 2001).  Joinder of a non-diverse defendant is considered fraudulent, and the
9  Court ignores the defendant's presence in the lawsuit for purposes of determining diversity,
10 if the plaintiff fails to state a cause of action against the resident defendant and the failure is
11 obvious according to the settled rules of the state.  *Id*.

12 The Court resolves any doubt about whether Plaintiffs have stated a valid cause of
13 action under Arizona law in favor of the case being retained by the state court.  *Albi v. Street*
14 *& Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944).  "It is only where the plaintiff has not,
15 in fact, a cause of action against the resident defendant, and has no reasonable ground for
16 supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that
17 the joinder can be said to be fraudulent . . .."  *Id*.

18 Defendant Prescott Equity purchased Plaintiffs' home at the foreclosure sale.
19 Plaintiffs alleged their quiet title claim against Prescott Equity because Prescott Equity
20 claims an interest in the Property via the foreclosure sale.  Plaintiffs clearly have to name
21 Prescott Equity as a defendant if they want to clear title to their home.

22 Defendants argue that Plaintiffs' joinder of Prescott Equity as a Defendant is
23 fraudulent because Plaintiffs obviously cannot state a quiet title claim against Prescott

---

25 [2]The Complaint does not plead the citizenship of all the members of Prescott Equity
26 Solutions LLC.  But the Arizona Corporation Commission's public website lists Mark Reed
   and Brandon Riddick as the members of Prescott Equity Solutions LLC, both of whom list
27 Arizona addresses.

- 4 -

1 Equity. Defendants assert that a plaintiff must prove her own title to state a claim for quiet
2 title in Arizona, A.R.S. §12-1101, and that Plaintiffs cannot assert their own title because
3 they lost title at the foreclosure sale. Defendants further argue that to the extent the claim for
4 quiet title relies on wrongful foreclosure, the quiet title claim must fail because Arizona does
5 not recognize a tort for wrongful foreclosure. (Doc. 1 p.6)(citing *Cervantes v. Countrywide*
6 *Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. 2011)).

7 Defendants are correct that in any action to quiet title, a plaintiff must rely on the
8 strength of her own title, rather than the weakness of her adversary's. *Allison v. State*, 420
9 P.2d 289, 292 (Ariz. 1966)(en banc). And, as the case now stands, while Plaintiffs are in
10 possession of the Property, they no longer have legal title to it. But if the Plaintiffs succeed
11 on their claims that the trustee sale did not comply with the requirements of the Arizona
12 statute, title could be restored to them. If that happens, problems with their own title would
13 not prohibit their quiet title claim against Prescott Equity.

14 While the Court has severe doubts that Plaintiffs will succeed on their claims, the
15 Court cannot say that it is obvious from Arizona state law that they will not. Surprisingly,
16 given the sharp rise in mortgage foreclosure litigation, there are very few reported Arizona
17 cases on mortgage foreclosure issues. The Court could not find a case directly addressing
18 Plaintiffs' arguments regarding the invalidity of a trustee sale if the trustee was not a proper
19 trustee under Arizona statutes. Also, while no Arizona state court has yet recognized a tort
20 of wrongful foreclosure, no Arizona court has said that such a cause of action does not exist
21 in Arizona. So, again, although the Court by no means believes the Plaintiffs will prevail,
22 it cannot say, based on Arizona law, that it is obvious they will not. The Court therefore
23 finds that Plaintiffs did not fraudulently join Prescott Equity.

24 Because the Court has found that Plaintiffs did not fraudulently join Prescott Equity
25 and Prescott Equity's presence defeats complete diversity, the Court does not have diversity
26 jurisdiction over this case.

27
28

### III. CONCLUSION

The Court does not have federal question or diversity jurisdiction over this case. Because the Court lacks subject matter jurisdiction, it must remand pursuant to 28 U.S.C. §1447(c). The Court therefore will grant the Plaintiffs' Motion to Remand and will not reach the Defendants' Motions to Dismiss, which shall remain pending before the Arizona state court.

Accordingly,

**IT IS ORDERED** Granting Plaintiff's Motion to Remand (Doc. 18) to Maricopa County Superior Court pursuant to 28 U.S.C. §1447(c).

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants MTC Financial, Inc. and Rande Johnsen (Doc. 8) and the Motion to Dismiss filed by Defendants IMB Hold Company LLC, MERS, and One West Bank FSB (Doc. 11) remain pending for decision by the state court.

DATED this 1st day of May, 2012.

James A. Teilborg
United States District Judge